1
2
3
4
5
6
7
8
9

10                    UNITED STATES DISTRICT COURT

11                        EASTERN DISTRICT OF CALIFORNIA

12
    JUAN JOSE AMESQUITA,              )      1:05-00055-REC-TAG HC
13                                     )
                                       )
14                  Petitioner,        )      ORDER TO FILE AMENDED PETITION
                                       )      (Doc. 1)
15        v.                           )
                                       )      ORDER DIRECTING CLERK OF COURT
16  ROD HICKMAN,                       )      TO SEND PETITIONER BLANK FORM
                                       )      PETITION
17                  Respondent.        )
                                       )
18  _____)

19
        _____Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ
20
    of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed his Petition on January 12, 2005.
21
    (Doc. 1).
22
                                 **DISCUSSION**
23
        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review
24
    of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
25
    from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules
26
    Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court
27
    will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A
28
    preliminary review of the Petition discloses that the instant Petition is defective in two respects:

                                         1

1  (1) Petitioner has not filled out the form petition, but has instead referred the Court to voluminous

2  appendices which appear to be revisions of previously filed briefs in the state courts; and (2) because

3  of (1), the Court is unable to determine whether Petitioner has exhausted his state court remedies.

4  **I.  Petitioner Must Fill Out The Form Properly.**

5       A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

6  that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A petition for writ

7  of habeas corpus must specify the grounds for relief.  Rule 2(c) of the Rules Governing Section 2254

8  Cases.  The petition must also allege the facts surrounding petitioner's incarceration.  28 U.S.C. §

9  2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus

10 relief if they are true.  <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.1990);  <u>United States v.</u>

11 <u>Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989).  In addition, a petition presented in *pro se* must be upon

12 the form approved by the court.  <u>See</u>  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule

13 81-190  This rule ensures that all information needed is before the court.  Each ground for relief must

14 be *clearly stated* and *allege what federal constitutional violation has occurred*, *along with providing*

15 *facts that support the grounds for relief.*   If a petition contains no grounds entitling the petitioner to

16 habeas corpus relief, the court must dismiss the petition.  Rule 4 of the Rules Governing Section

17 2254 Cases.

18       The type of filing that simply references attachments requires the Court to expend

19 considerable time and resources attempting to determine which claims petitioner seeks to raise

20 before this Court.  It is unreasonable to expect the Court to take on such a task when the

21 responsibility to inform the Court lies solely with the petitioner.[1]  Here, Petitioner has appended what

22 appear to be several appellate briefs to the instant petition; in the body of the petition itself, however,

23 Petitioner simply refers the Court to the attached appendices.  Together, the two appendices attached

24 to the petition comprise 139 pages and raise 29 issues, the legal dimensions of which are discussed at

25 great length.

26 ///

27

28
       [1]A petitioner is not precluded from submitting attachments or exhibits to a petition, <u>however, the Court will not determine a petitioner's claims for him based solely on his attachments</u>.

2

1    At a minimum, Petitioner must explain *in the form petition itself* which claims he is raising.

2    If Petitioner wishes to attach additional information, he may of course do so.  However, extensive

3    legal discussion of the issues at this screening stage is not only unnecessary but serves to impede the

4    screening process by burdening the Court with voluminous and, frequently, irrelevant information.

5    The proper use of the form petition results in administrative convenience of benefit to both

6    Petitioner and the Court.  Thus, Petitioner will be required to resubmit the form petition once it has

7    been completely filled out as is stated on the form.  A petitioner may submit attachments to the form;

8    however, a simple reference to the attachments where the form requires specific information is not

9    acceptable.

10   **II.  Exhaustion.**

11   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13   exhaustion doctrine is based on comity to the state court and gives the state court the initial

14   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158,

16   1163 (9th Cir. 1988).

17   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

19   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

20   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

21   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

22   claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

23   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

24   Additionally, the petitioner must have specifically told the state court that he was raising a

25   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

26   (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

27   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

28   Supreme Court reiterated the rule as follows:

3

1        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
2    remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
     to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
3    federal rights" (some internal quotation marks omitted).  If state courts are to be given the
     opportunity to correct alleged violations of prisoners' federal rights, they must surely be
4    alerted to the fact that the prisoners are asserting claims under the United States Constitution.
     If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
5    him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
     only in federal court, but in state court.

6    <u>Duncan</u>, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

7        Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
     federal claims in state court *unless he specifically indicated to that court that those claims*
8    *were based on federal law.* <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000).
     Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must*
9    *make the federal basis of the claim explicit either by citing federal law or the decisions of*
     *federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882,
10   889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying
     claim would be decided under state law on the same considerations that would control
11   resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir.
     1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
12       In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that
     the relevant claim is a federal one without regard to how similar the state and federal
13   standards for reviewing the claim may be or how obvious the violation of federal law is.

14   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

15       It appears that Petitioner was convicted on May 8, 1997, and that his direct appeal became

16   final on June 21, 2000.  Thereafter, Petitioner engaged in two separate "rounds" of state habeas

17   corpus litigation.  The first "round" commenced in Fresno County Superior Court on March 1, 2001,

18   and concluded in the Court of Appeal, Fifth Appellate District, on May 10, 2002, apparently without

19   fully exhausting those claims.  The second "round" appears to have begun in the Fresno County

20   Superior Court on September 3, 2002, and concluded in the California Supreme Court on November

21   17, 2004.  Thus, any claims presented in the first "round" but not in the second are unexhausted.

22   Although voluminous, Petitioner's documentation does not clarify whether the habeas claims

23   presented in Appendix 1 to the instant Petition were presented in the first, unexhausted "round" of

24   habeas litigation or in the second exhausted "round".  Thus, this Court cannot determine whether the

25   instant claims have been fully exhausted.

26       Because of the manner in which Petitioner has attached the claims (i.e., combining briefs

27   apparently from his direct appeal and at least one "round" of state habeas proceedings), and because

28   the actual state court habeas corpus petitions themselves have not been attached, a determination as

4

1  to whether the claims have been fully exhausted in the state courts is impossible.  If Petitioner has

2  not presented all of his claims for federal relief to the California Supreme Court, the Court must

3  dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997)

4  (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  If Petitioner has presented

5  his federal claims to the California Supreme Court, Petitioner must inform the Court as to which

6  constitutional claims have been presented to the California Supreme Court and, if possible, provide

7  the Court with a copy of the habeas petition filed in the California Supreme Court as well as that

8  Court's order denying relief.  *This information must include the dates of filing and disposition so the*

9  *Court can determine whether petitioner has exhausted his state remedies and is in compliance with*

10  *the one-year statute of limitations period prescribed by 28 U.S.C. §2244(d)(1).*[2]  Without this

11  information, the Court cannot proceed to the merits of the petition.

12       This Court will grant Petitioner leave to file an amended petition so that Petitioner may

13  properly fill out the form petition, concisely listing the factual and legal bases for his claims and

14  indicating if and when those claims were raised in the California Supreme Court.

15  **ORDER**

16       Accordingly, IT IS HEREBY ORDERED that:

17  1)    Petitioner is granted thirty (30) days from the date of service of this order to file an

18      amended petition.  Petitioner must inform the Court what claims have been presented

19      to the California Supreme Court as well as the dates when the California Supreme

20      Court ruled on those claims.[3]  Petitioner is forewarned that failure to follow this order

21      will result in dismissal of the petition pursuant to Local Rule 11-110.

22

23      [2]Petitioner should note that a one year period of limitations exists for cases filed pursuant to §2254.  In most cases, the one year limitation period starts to run on the date the California Supreme Court denied petitioner's direct review.  The

24  limitations period is tolled while a properly filed request for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).  However, the running of the limitation period is *not tolled* for the time an application for post-

25  conviction or collateral review is pending in *federal* court. Sperling v. White, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998).

26      [3]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C.

27  § 2244(d)(1).  As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court.  However, it is not tolled for the time a *federal* petition is pending in federal court.  Duncan v. Walker, 121

28  S.Ct. 2120 (2001).

5

2)      The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider the original petition. Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim.

IT IS SO ORDERED.

**Dated:     April 21, 2005**                              **/s/ Theresa A. Goldner**
j6eb3d                                                        UNITED STATES MAGISTRATE JUDGE

6