1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN JOSE AMESQUITA, | ) | 1:05-CV-00055-REC-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| v. | ) | (Doc. 10) |
| | ) | |
| ROD HICKMAN, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

   Petitioner has requested the appointment of counsel. (Doc. 10). Petitioner contends that he is a laymen unfamiliar with legal matters and that the complexity of the issues in this habeas corpus proceeding are beyond his abilities. (Id.).

   There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel (Doc. 10), is DENIED.


IT IS SO ORDERED.

**Dated:    October 27, 2005**          _____/s/ Theresa A. Goldner_____
j6eb3d                                           UNITED STATES MAGISTRATE JUDGE