UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE AMESQUITA,<br><br>Petitioner,<br><br>v.<br><br>ROD HICKMAN, Warden<br><br>Respondent. | Case No. 1:05-cv-00055-LJO-MJS (HC)<br><br>**ORDER DENYING MOTIONS FOR RESOLUTION OF CLAIMS**<br><br>**(ECF Nos. 43, 44)**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 45)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 4, 2006, his petition was dismissed as untimely. (ECF No. 30.) On October 25, 2006, Plaintiff's request for a certificate of appealability was denied. (ECF No. 35.) Petitioner appealed and, on April 2, 2007, the Ninth Circuit also denied his request for a certificate of appealability. (ECF No. 42.)

Nothing further occurred in this case until May 15, 2017, when Petitioner filed a motion seeking resolution of claims that he states were not resolved by the state courts because they were found to be procedurally barred. (ECF No. 44.) Therein, Petitioner claims that this court previously erred in declining to stay his petition to allow him to

exhaust his claims in state court.[1] It appears that Petitioner pursued state habeas petitions in 2016 and 2017. He now appears to bring a new petition based on those rulings. Along with the motion, he filed a notice of motion that requests a hearing. (ECF No. 43.)

On June 12, 2017, Petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion is substantially the same as the May 15, 2016 motion.

**I.    Legal Standard**

Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

**II.   Analysis**

The petition was dismissed on the ground that it was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Even with the benefit of statutory tolling, the petition was not filed within the AEDPA statute of limitations. The Court also concluded that Petitioner was not entitled to the benefit of equitable tolling. Although Petitioner had voluntarily dismissed his prior, timely filed petition, the Court has

---

[1] Although Petitioner states that he moved to stay the proceedings, the docket reflects no such motion. Petitioner voluntarily dismissed a prior action, stating his intent to exhaust his claims in state court. Amesquita v. Adams, No. 1:00-cv-07060-OWW-SMS.

1 | no obligation to inform Petitioner of the consequences of such action. (ECF No. 28
2 | (citing Brambles v. Duncan, 412 F.3d 1066 (9th Cir. 2005).)

Petitioner's motion presents no argument on these points. He does not argue that the instant petition was timely filed. He instead argues that the Court should have granted his motion to stay the proceedings to allow him to exhaust his claims in state court and, in light of his exhaustion more than ten years later, should now address the merits of his claims. However, as stated, no motion to stay was filed in this action. Even if such motion had been presented, the petition nonetheless was untimely and its dismissal would have rendered any such motion moot.

Petitioner presents no basis for affording him relief from the judgment.

### III. Conclusion and Order

Petitioner has not presented extraordinary circumstances entitling him to relief. The Court will not address the merits of his claims.

Based on the foregoing, Petitioner's motions for resolution of claims (ECF Nos. 43 and 44) and motion for reconsideration (ECF No. 45) are HEREBY DENIED.

IT IS SO ORDERED.

Dated: **June 20, 2017**     　　　　/s/ Lawrence J. O'Neill　　　　
　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE