1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| JUAN JOSE AMESQUITA, | Case No. 1:05-cv-00055-LJO-MJS (HC) |
|---|---|
| Petitioner, | **ORDER REGARDING OBJECTIONS TO ORDER DENYING MOTION FOR RELIEF** |
| v. | |
| ROD HICKMAN, Warden | **(ECF No. 49)** |
| Respondent. | |

18

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254. On October 4, 2006, his petition was dismissed as

21   untimely. (ECF No. 30.) On October 25, 2006, Plaintiff's request for a certificate of

22   appealability was denied. (ECF No. 35.) Petitioner appealed and, on April 2, 2007, the

23   Ninth Circuit also denied his request for a certificate of appealability. (ECF No. 42.)

24      Nothing further occurred in this case for over ten years. On May 15, 2017,

25   Petitioner filed a motion seeking resolution of claims that he states were not resolved by

26   the state courts because they were found to be procedurally barred. (ECF No. 44.) He

27   filed a substantially similar motion on June 12, 2017, styled as a motion for

28

1  reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). In these motions,

2  Petitioner claimed that this Court previously erred in declining to stay his petition to allow

3  him to exhaust his claims in state court. The motions reflected that Petitioner pursued

4  state habeas petitions in 2016 and 2017, and he appeared to be attempting to bring a

5  new petition based on those rulings. On June 20, 2017, the undersigned denied the Rule

6  60(b)(6) motion, noting that the petition in this case had been dismissed as time-barred,

7  and that Petitioner had presented no argument in that regard.

8      Now before the Court are Petitioner's July 24, 2017 objections to the order

9  denying his Rule 60(b)(6) motion for relief.

10  **I.    Legal Standard**

11      Plaintiff objects to the Court's denial of a Rule 60(b)(6) motion.

12      "A motion for reconsideration should not be granted, absent highly unusual

13  circumstances, unless the district court is presented with newly discovered evidence,

14  committed clear error, or if there is an intervening change in the controlling law." Marlyn

15  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

16  "A motion for reconsideration may not be used to raise arguments or present evidence

17  for the first time when they could reasonably have been raised in earlier litigation." Id.

18  Moreover, "recapitulation of the cases and arguments considered by the court before

19  rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands

20  Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony

21  Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j)

22  requires that a party seeking reconsideration show that "new or different facts or

23  circumstances are claimed to exist which did not exist or were not shown upon such

24  prior motion, or what other grounds exist for the motion . . . ."

25      Rule 60(b) allows the Court to relieve a party from a final judgment or order on

26  grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

27  discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an

28

1  opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is

2  based on an earlier judgment that has been reversed or vacated; or applying it

3  prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R.

4  Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

5  manifest injustice and is to be utilized only where extraordinary circumstances" exist.

6  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

7  citation omitted). The moving party bears the burden of demonstrating that relief under

8  Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

9  **II.      Disqualification**

10  Petitioner contends that the undersigned is biased and prejudiced against him. To

11  the extent he is requesting disqualification of the undersigned, the request will be

12  denied.

13  Motions to disqualify or recuse a judge fall under two statutory provisions, 28

14  U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a

15  timely and sufficient affidavit averring that the judge before whom the matter is pending

16  has a personal bias or prejudice either against the party or in favor of an adverse party,

17  and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly,

18  § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality

19  might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a

20  personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).

21  A judge finding a § 144 motion timely and the affidavits legally sufficient must

22  proceed no further and another judge must be assigned to hear the matter. See id.;

23  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not

24  legally sufficient, however, the judge at whom the motion is directed may determine the

25  matter. Sibla, 624 F.2d at 868 (holding judge challenged under § 144 properly heard and

26  denied motion where affidavit not legally sufficient). An affidavit filed pursuant to § 144

27  "is not legally sufficient unless it specifically alleges facts that fairly support the

28

1 contention that the judge exhibits bias or prejudice directed toward a party that stems

2 from an extrajudicial source." Id. at 868 (citation omitted).

3 The substantive test for personal bias or prejudice is identical under §§ 144 and

4 455. See Sibla, 624 F.2d at 867. Specifically, under both statutes recusal is appropriate

5 where "a reasonable person with knowledge of all the facts would conclude that the

6 judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d

7 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144

8 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 624

9 F.2d at 867. Under either statute, the bias must arise from an extrajudicial source and

10 cannot be based solely on information gained in the course of the proceedings. Pesnell

11 v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing Liteky v. United States, 510

12 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for

13 a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004)

14 (quoting Liteky, 510 U.S. at 555.)

15 Petitioner's claim of bias appears to be based solely on the undersigned's

16 adverse ruling against him. These contentions do not raise a question of bias or partiality

17 on the part of the undersigned that arises from an extrajudicial source. The allegations

18 therefore are insufficient under §§ 144 and 455. There is no basis for disqualification.

19 **III.    Dispute Regarding Motion to Stay**

20 Petitioner objects to the following statement in the Court's prior order: "Although

21 Petitioner states that he moved to stay the proceedings, the docket reflects no such

22 motion. Petitioner voluntarily dismissed a prior action, stating his intent to exhaust his

23 claims in state court. Amesquita v. Adams, No. 1:00-cv-07060-OWW-SMS." (ECF No. 47

24 at 2 n.2.) Petitioner now clarifies that he filed a motion to stay his petition in Amesquita v.

25 Adams, Case No. 1:00-cv-07060-OWW-SMS.[1] The Magistrate Judge assigned to that

26 case noted that Petitioner's request was far from clear and, in any event, was

27

---

28 [1] The case has been reassigned and renumbered as No. 1:00-cv-07060-DAD-EPG.

4

1  unsupported by the record then before the Court. (ECF No. 6 in Case No. 1:00-cv-

2  07060.) When asked to provide clarification, Petitioner did not reiterate an intent to stay

3  the action; instead, he requested dismissal. (ECF No. 7 Case No. 1:00-cv-07060.) The

4  action was then dismissed. (ECF No. 9.)

5  The Court will not here revisit the propriety of these rulings. Petitioner cannot

6  collaterally attack rulings in Case No. 1:00-cv-07060 in this action. The Court cannot

7  review the denial of his motion to stay. Petitioner's remedy is to seek relief in Case No.

8  1:00-cv-07060, either through a post-judgment motion or on appeal. The Court notes

9  that Petitioner's objections also have been filed in Case No. 1:00-cv-07060.

10  **IV.    Conclusion and Order**

11  Petitioner has presented no basis for relief in this action. To the extent his

12  objections may be construed as a motion for reconsideration, they are DENIED.

13

14  IT IS SO ORDERED.

15  Dated:    **February 9, 2018**            **/s/ Lawrence J. O'Neill**
                                              UNITED STATES CHIEF DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28