UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE AMESQUITA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROD HICKMAN, Warden<br><br>　　　　Respondent. | Case No. 1:05-cv-00055-LJO-MJS (HC)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>**(ECF No. 53)** |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 4, 2006, his petition was dismissed as untimely. (ECF No. 30.) On October 25, 2006, Plaintiff's request for a certificate of appealability was denied. (ECF No. 35.) Petitioner appealed and, on April 2, 2007, the Ninth Circuit also denied his request for a certificate of appealability. (ECF No. 42.)

　　Nothing further occurred in this case for over ten years. On May 15, 2017, Petitioner filed a motion seeking resolution of claims that he states were not resolved by the state courts because they were found to be procedurally barred. (ECF No. 44.) He

filed a substantially similar motion on June 12, 2017, styled as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). In these motions, Petitioner claimed that this Court previously erred in declining to stay his petition to allow him to exhaust his claims in state court. The motions reflected that Petitioner pursued state habeas petitions in 2016 and 2017, and he appeared to be attempting to bring a new petition based on those rulings. On June 20, 2017, the undersigned denied the Rule 60(b)(6) motion, noting that the petition in this case had been dismissed as time-barred, and that Petitioner had presented no argument in that regard.

On July 24, 2017, Petitioner filed objections to the order denying his Rule 60(b)(6) motion for relief. The undersigned construed the objections as a request for reconsideration and/or disqualification and denied the request on February 12, 2018. (ECF No. 50.)

Now before the Court is Petitioner's February 23, 2018, motion requesting the issuance of a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. In the present case, the court finds that reasonable jurists would not find the court's determination to deny relief debatable or wrong, or that petitioner should be allowed to

proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, Petitioner's motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 5, 2018**            **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE